IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | 2:09-cv-00287-GEB-DAD |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| | ) | AND CONTINUING STATUS |
| v. | ) | (PRETRIAL SCHEDULING) |
| | ) | CONFERENCE |
| MATTHEW DAVID FARMER, d/b/a Farmers | ) | |
| Grill, | ) | |
| | ) | |
| Defendant. | ) | |

The January 30, 2009, Order Setting Status (Pretrial Scheduling) Conference ("January 30 Order") scheduled a status conference in this case for May 11, 2009, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed.

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on May 18, 2009, why sanctions should not be imposed against Plaintiff or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely

1

status report.  The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on June 29, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the January 30 Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  May 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).