1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  JOE HAND PROMOTIONS, INC.,        )
                                      )      2:09-cv-00287-GEB-DAD
13              Plaintiff,            )
                                      )      ORDER CONTINUING STATUS
14        v.                          )      (PRETRIAL SCHEDULING)
                                      )      CONFERENCE AND IMPOSING
15  MATTHEW DAVID FARMER, d/b/a Farmers)     A SANCTION; FED. R. CIV.
    Grill,                            )      P. 4(m) NOTICE
16                                    )
                Defendant.            )
17  _____ )

18              Plaintiff was issued an OSC on May 8, 2009, that required

19  Plaintiff to explain "in a writing . . . why sanctions should not

20  be imposed against Plaintiff or its counsel under Rule 16(f) of the

21  Federal Rules of Civil Procedure for failure to file a timely

22  status report." (OSC at 1 & 2.)  The May 8 Order also required

23  Plaintiff to file a status report, and continued the previously

24  scheduled status conference to June 29, 2009.

25              Plaintiff's counsel filed a response to the OSC in which

26  he blames a member of his clerical staff for his failure to

27  properly calendar the status report filing deadline.  Counsel

28  concedes in his response that "there is no justifiable excuse for

1

the mistake being made." (Response to OSC at 2:22.) Counsel also correctly indicated recognition of the principle that "it should never be forgotten that the attorney of record is ultimately responsible for [compliance with court deadlines]." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Counsel also states he "would like the Court to know . . . that [he] did not intentionally or deliberately ignore the Court's Order . . . " (Response to OSC at 3:1-2.) This suggests counsel has the mistaken understanding that sanctions can only be imposed under Rule 16(f) for purposeful disobedience of a court order. However, the Ninth Circuit reveals otherwise in Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990). Ayers upheld a sanction imposed notwithstanding a lawyer's explanation that he failed to appear at a settlement conference "because the date 'slipped by him'"; thus, indicating that negligent failure to be attentive to a Rule 16 scheduling requirement could be sanctionable conduct under Rule 16(f). Id. at 1270; see also Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 241 (3rd Cir. 2007)("As the plain language of Rule 16(f) indicates, monetary sanctions for noncompliance with Rule 16 pretrial orders are . . . appropriate absent a showing that the violation was "substantially justified" or the award of expenses is "unjust" under the circumstances of the case."); Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 of the Fed. R. Civ. P."); Martin Family Trust v. Neco-Nostalgia Entr. Co., 186 F.R.D. 601 (E.D. Cal. 1999) (finding

plaintiff's attorney's excuse that he did not submit a status
report because he was engaged in settlement negotiations was
insufficient to avoid sanctions under Rule 16(f).

> The primary focus of . . . Rule 16 is on the
> mechanics of pretrial conferences and
> scheduling.  The purpose of Rule 16 is to
> insure early judicial intervention in the
> process of trial preparation and proper conduct
> of that entire process. . .  Certainly the
> sanctions concept contained in subsection (f)
> is a codification of the purpose to insist that
> the court, the lawyers and the parties abandon
> habits which unreasonably delay and otherwise
> interfere with the expeditious management of
> trial preparation.

Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984).

"Certainly, whether a failure to [comply with a
scheduling requirement] is intentional, negligent, or inadvertent
is a significant factor in assessing the severity of the
transgression [and] in determining the nature and severity of the
sanction."  Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d at 241.
Plaintiff's counsel's transgression reveals he was inattentive or
negligent to his obligation to file a timely status report.
Disregard of a  status report filing requirement "undermines the
court's ability to control its docket . . . " Johnson v. Mammoth
Recreations, Inc.
975 F.2d 604, 610 (9th Cir. 1992).  An incredible amount of
judicial time could be wasted when attorneys fail to submit timely
status reports, since this failure usually results in the status
hearing being rescheduled, the judge taking time to determine to
whom an OSC should be issued, and then preparing an OSC.  "The cogs
of the wheel of justice move much more smoothly when attorneys who
practice in this court follow the rules of practice and procedure

1 [that] have been carefully developed and adopted." <u>Dela Rosa</u>, 136
2 F.3d at 1244.

3          Here, not only did Plaintiff fail to file a timely status
4 report, the status report Plaintiff eventually filed is inadequate
5 since it does not say when Defendant was served with process.
6 Plaintiff simply states in its status report: "Defendant Matthew
7 David Farmer has been duly served initiating suit papers, and has
8 *not* answered the Plaintiff's Complaint."  It is evident that
9 Plaintiff should have stated when Defendant was served, and should
10 have provided an estimate concerning when Plaintiff anticipated
11 Defendant would provide input on scheduling issues.  Typically, a
12 lawyer seeks a timely continuance of a status conference when it is
13 evident that an opposing party needs an opportunity to participate
14 in scheduling a case.  Why Plaintiff failed to do this is
15 mystifying.

16          Plaintiff's proposed scheduling dates in its status
17 report completely disregard the possibility that Defendant may fail
18 to appear in this action.  It should have been obvious to counsel
19 that a different schedule is applicable if Defendant fails to
20 appear.  Further, Plaintiff assumes in its status report that the
21 judge will discuss scheduling issues with Plaintiff's counsel ex
22 parte, and seeks to facilitate this communication by providing
23 Plaintiff's counsel's telephone number along with Plaintiff's
24 counsel's request that he be allowed "to appear telephonically
25 before the Court at any Status Conference that may be calendared."
26 (Plaintiff's Status Conference Statement filed June 15, 2009, at
27 5:3-4.)  This request is denied.  Further, since the court docket
28 indicates Plaintiff just made alleged substituted service on

Defendant on May 17, 2009, Plaintiff's request for an ex parte status hearing appears inappropriate, since the request is not supported by information showing that the Defendant will not make an appearance.

Since it is unclear whether Defendant will appear in this action, and Plaintiff sheds no light on this issue in its status report, the status (pretrial scheduling) conference scheduled for June 29, 2009 is continued to commence at 9:00 a.m. on July 27, 2009. Plaintiff shall file another status report no later than fourteen days prior to the July 27 scheduling conference in which Plaintiff shall explain what it knows about the likelihood of Defendant appearing in this action, and how and when this action will be prosecuted if Defendant fails to make an appearance. If Plaintiff can obtain input from Defendant, the status report shall be a joint status report. Further, Plaintiff is warned that this action could be dismissed if Plaintiff fails to prosecute the action as prescribed in the local rules and other federal law. A plaintiff has "responsibility for moving [its] case [] toward resolution . . ." In Re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1238 (9th Cir. 2006).

Since Plaintiff failed to file a timely status report and Plaintiff's response to the May 8, 2009 OSC reveals a sanction should be imposed, attorney Thomas P. Riley (Plaintiff's counsel) is sanctioned FOUR HUNDRED DOLLARS ($400.00). Mr. Riley shall pay this sanction to the Clerk of the Court for this District within fifteen (15) days from the date on which this Order is filed. The check shall be made payable to the "United States Treasury." Proof of payment shall be sent to the undersigned judge's chambers within

five (5) days of payment.  This sanction is personal to counsel and shall not be paid by his client.

Further, because the status report Plaintiff's counsel filed provided inadequate assistance on the scheduling of this case, counsel's client should not be billed for that virtually worthless status report.

> It is incumbent upon an attorney practicing in [this district] to secure and study the Federal Rules of [Civil] Procedure and the local rules of this [district] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

Dela Rosa, 136 F.3d at 1244.

Lastly, if Defendant is not served with process within the 120 day period prescribed in Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is hereby notified that Defendant may be dismissed unless Plaintiff shows good cause in a filing due the day after this period expires as to why Defendant should not be dismissed.

Dated:  June 19, 2009

GARLAND E. BURRELL, JR.
United States District Judge

6